The relief described hereinbelow is SO ORDERED

Done this 30th day of October, 2014.

*Dwight A. Williams, Jr.*

**Dwight H. Williams, Jr.**
**United States Bankruptcy Judge**



### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | Case No. 14-30244-DHW-13 |
| YVETTE SMITH, | ) | |
| | ) | Chapter 13 |
| | ) | |
| Debtor. | | |

## ORDER

This matter came before the Court on October 22, 2014 on a Motion for Relief from Automatic Stay of 11 U.S.C. § 362(a) filed by U.S. Bank, N.A., as trustee for Mid-State Trust X by Green Tree Servicing LLC, as servicer with delegated authority (hereinafter "Green Tree"). Green Tree and Yvette Smith (hereinafter "the Debtor"), through counsel, agree that Green Tree's request for relief from stay is due to be **DENIED** at this point. This denial is conditioned on the Debtor's timely payment of regular monthly mortgage payments as required under the Note (hereinafter "the Note") including principal, interest, and any and all insurance and escrow. Therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1. The Debtor shall place in his plan arrears in the amount of $2,019.40 owed on the mortgage loan to Green Tree through October, 2014. The Debtor shall also add to the plan, fees and costs in the amount of $576.00 associated with the motion. These amounts shall be added by a claim being filed by Green Tree. The plan payments will be $118.00 bi-weekly monthly and the specified monthly payment will be $52.00.

2. That beginning with the November, 2014 payment, the Debtor will make all regular monthly mortgage payments (including principal, interest, and any and all insurance and escrow) as provided for in the Agreement direct to Green Tree.

3. Beginning with the November, 2014 payment, in the event Green Tree fails to receive any payment of principal, interest or any and all insurance and escrow as described in the preceding paragraphs of this Order on the date it comes due per the terms of the Agreement, then Green Tree will send a letter to the Debtor, with a copy to Debtor's Attorney, notifying them of the default and if the Debtor fails to cure the default within twenty (20) days of the date of the notice of default letter, then relief from the automatic stay of 11 U.S.C. § 362(a) is hereby **GRANTED,** and Green Tree, without further order of this Court, shall be entitled to reduce its claim(s) in the bankruptcy case, accelerate the balance due, and foreclose and/or repossess its collateral.

4. If the Debtor defaults and Green Tree is granted relief from the automatic stay under the terms of this Order, the stay **SHALL NOT** remain in effect for an additional twenty (20) day period pursuant to Rule 4001 (a) (3), and Green Tree shall be entitled to immediately repossess and/or dispose of its collateral.

5. The parties agree and acknowledge that the terms of this agreed/stipulated order will not survive the dismissal of the Debtor's bankruptcy case.

###END OF ORDER ###

This order was reviewed and approved by the Chapter 13 Trustee, Debtor's Attorney and Creditor's Attorney.

**This Order was prepared by:**
SPINA & LAVELLE, P.C.
One Perimeter Park South, Suite 400N
Birmingham, Alabama 35243
(205) 298-1800